**L. O. MOORE et al., Appellants,**

**v.**

Josephine BAUMANN, Independent Executrix of the Estate of Otto Baumann, Deceased, Appellee.

No. 10552.

Court of Civil Appeals of Texas.

Austin.

March 5, 1958.

Joe Everton, Temple, for appellants.

Arthur O'Connor, Belton, Cox, Brown & Daniel, Temple, for appellee.

HUGHES, Justice.

The purpose of this suit is to construe the will of Otto Baumann, deceased.

Otto Baumann died September 3, 1956. His wife, who was Clara Moore Baumann, predeceased him, her death occurring December 30, 1954. She died intestate.

No children were born to the marriage of Otto and Clara Moore Baumann.

Following the death of his wife Otto Baumann on February 28, 1955, executed a will, the pertinent portions of which are:

"4. I married Clara Moore. My wife and I were not blessed with any children, and we did not adopt any child or children as our heir or heirs. My wife predeceased me. I have two brothers and no sisters, and my wife left one sister and five brothers, to whom she wanted to leave her undivided interest in the community estate of the both of us, after the decease of the survivor of us.

"5. I give, will and bequeath to my brother, Frank Baumann, and my brother, Will Baumann, one-half (½) of the net proceeds derived from the sale of all of my real estate, personal property and money on hand at the time of my death, share and share alike. In the event that either one of my brothers predeceases me, leaving a child or children surviving him, then I will, bequeath and give to the children of my deceased brother, the share my deceased brother would take

under this will, if living at the time of my decease.

"I give, will and bequeath one-half (½) of the net proceeds derived from the sale of all of my real estate, personal property and any money on hand, to my wife's sister and brothers, being my sister-in-law and brothers-in-law, Ola McGee Chancellor, J. Edward Moore, Arthur Moore, August Moore, Fred Moore and Raymond L. Moore, share and share alike. In the event that any one or more of my sister-in-law and brothers-in-law predecease me, without leaving a child or children her or him surviving, I give the share of such deceased sister-in-law or brothers-in-law, to the remaining sister-in-law and brothers-in-law of myself, being the sister and brothers of my beloved wife, Clara Baumann."

Suit to construe the above will was brought by L. O. and W. P. Moore, brother and half brother, respectively, of Clara Moore Baumann. They sought equal participation in the estate of Otto Baumann with their sister and brothers named in his will.

Opposing this construction of the will are Josephine Baumann, independent executrix of the will, Ola Moore Chancellor et vir., J. Edward, Arthur, August, Fred and Raymond L. Moore, the latter six persons being the sister and brothers of testator's deceased wife, Clara Moore Baumann. These six persons and L. O. Moore and W. P. Moore are all of the brothers, whole or half blood, and the only sister of Clara Moore Baumann.

Otto Baumann at the time of his death owned certain property which had been acquired as community property during his marriage with Clara Moore Baumann.

A nonjury trial resulted in judgment that appellants take nothing by their suit and that intervenors recover their respective interest as set out in the will.

Appellants contend that it was the intention of the testator to include as primary beneficiaries in his will all of the brothers (whole and half blood) and the sister of his wife, not just five brothers and the sister named in the will. In reaching this conclusion appellants rely upon the wording of paragraphs four and five of the will, supra, and the fact that there were seven brothers in all.

In addition to authorities cited as establishing general rules for the construction of wills such as the rule requiring the entire will to be looked to in determining the intent of the testator and such as the rule requiring a construction which will give effect to the entire will where another possible construction would result in disregarding a portion of it appellants cite only one case as being factually in point: McQueen v. Stephens, Tex.Civ.App., Amarillo, 100 S.W.2d 1053, 1057.

In that case the Court had before it a will which provided that a remainder estate in one half of the community real estate should go to the "sons and daughters of my brother, Lee Stephens" was effective to include a daughter of a previous marriage of the brother even though other similar provisions of the will devising or bequeathing property named the children by the second marriage and omitted the name of the child by the first marriage. It is to be noted that the child of the first marriage (really her son) made no contention that she should take under the provisions of the will in which the children of the second marriage were named. This fact, in our opinion, makes this case negative authority for appellees.

To our minds the provisions of the present will which we are called upon to construe are clear and unambiguous and must be read without resort to and without the aid of extrinsic evidence or rules of construction. Johnson v. Moore, Tex. Civ.App. Austin, 223 S.W.2d 325, writ ref.

Appellants reason that seven brothers, not five, should share in the estate. Paragraphs four and five of the will, the only pertinent ones, can be read and reread and one would receive no hint or suspicion that testator's deceased wife had more than five brothers.

Paragraph four of the will in which testator states "my wife left one sister and five brothers, to whom she wanted her undivided interest in the community estate" to go expresses the desire of testator's deceased wife and does not of itself dispose of any property. It does indicate, however, that testator's wife had only five brothers to whom she wished to leave her interest in the community.

The identity of these five brothers is clearly revealed in dispositive paragraph five of the will. The testator in the first sentence in the second paragraph of paragraph five of the will by language of unquestioned and unmistakable intent and clarity leaves to his wife's sister and five named brothers the interest therein stated. It is only by resort to the following sentence in such paragraph that ambiguity is sought to be established.

We are not called upon to construe the effect of such sentence except insofar as it may affect the construction given the remainder of the will. This for the reason that, as shown by the agreed facts, neither the sister-in-law nor any brother-in-law of testator predeceased him.

Conceding, for argument only, that this sentence of the will may be ambiguous within itself such ambiguity cannot be held to effect other unrelated portions of the will which are themselves free from ambiguity.[1]

In concluding his oral presentation of the case counsel for appellants called upon us to heed these words of the Scriptures:

"Cast thy bread upon the waters; for thou shalt find it after many days.

"Give a portion to *seven* and also to *eight;* for thou knowest not what evil shall be upon the earth." Ecc. 11:12, 2. (Italics supplied.)

We can only reply in kind that it "is not mine (ours) to give." Ma. 20:23.

The judgment of the Trial Court is affirmed.

Affirmed.

---

1. In Vol. 95, C.J.S. Wills § 611, p. 815, it is stated:

"The fact that the court in construing an ambiguous term of a clause of a will found a certain intent of the testator does not require the same intention to be necessarily implied in construing the markedly different language of another clause of the will, which clearly expressed the intention of the testator."